IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3100-BO

| | |
|---|---|
| JAMES JOSEPH OWENS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MR. CAVALERI, et al., ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) raising a claim of deliberate indifference to a serious medical condition after his release to a halfway house or Community Correctional Center ("CCC"). Plaintiff's filings were difficult to follow, and the court ordered plaintiff to amend the complaint. [D.E. 9] On November 30, 2009, plaintiff did so in a timely manner as requested by the court. [D.E. 12] On January 12, 2011, the court allowed the claims to continue pursuant to 28 U.S.C. § 1915. [D.E. 13] In March and August of 2011, two motions to dismiss were filed by defendants based on improper service under Federal Rules of Civil Procedure 4(m). [D.E. 23 and 26] On November 20, 2011, the motions were denied. [D.E. 29] Two motions filed by defendants are now before the court: a motion to reconsider the denial of the motion to dismiss [D.E. 31] and a motion to dismiss the matter for failure to exhaust. [D.E. 35] Plaintiff responded to the motions. [D.E. 41, 42, and 43] On July 11, 2012, plaintiff filed a motion to amend the complaint which is also ripe for determination. [D.E. 44]

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v.

Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).

The Bureau of Prisons ("BOP") provides a four-step, sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). Likewise, section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Stokes v. Moore, No. 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C. Jan. 26, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

Here, the John Doe defendants raise failure to exhaust as a defense to the suit. [D.E. 35] Plaintiff had notice of the defense and responded. [D.E. 41] Plaintiff argues that no administrative remedies were available to him because the violations at issue occurred after his release to a Community Correctional Center ("CCC"). [D.E. 41, 10-12] However, the John Doe defendants have

2

submitted the Declaration of Lynnell Cox, a Paralegal Specialist for the Federal Bureau of Prisons, which contradicts Owens' statement. [D.E. 37] Cox states "that during his incarceration, Mr. Owens filed 754 complaints regarding a plethora of issues through the BOP's administrative remedy program as provided for at 28 C.F.R. § 542.10, et seq."[1] [D.E. 37, ¶ 5] Moreover, Cox reviewed administrative remedy filings between May 22, 2007, when Owens was released to the CCC, and the present. [Id.] Owens filed eleven administrative complaints through the BOP's Administrative Remedy system after his release to the CCC and none of the complaints dealt with medical care or the issues asserted in this matter. [Id.]

Furthermore, Owens, in fact, raised the medical issues in a claim pursuant to the Federal Tort Claims Act ("FTCA") which was denied and a right to sue letter issued. [Id., ¶ 7 and Attachment 2 BOP denial letter] However, "[e]xhaustion requirements concerning FTCA and Bivens actions differ." Johnson v. Lappin, No. 1:07–0944, 2011 WL 560459, at *13 n. 11 (S.D.W.Va. Jan. 6, 2011), report and recommendation adopted, 2011 WL 535924 (S.D.W.Va. Feb.8, 2011). The PLRA mandates proper exhaustion and exhaustion for the purposes of the FTCA does not comport with § 1997e(a). Norris v. United States, 2012 WL 2590010 (E.D.N.C. July 3, 2012) (unpublished). Owens has failed to properly exhaust the issues before the court in this matter. In light of the court's determination that Owens failed to exhaust remedies, the court must dismiss as to all defendants.

Accordingly, the motion to dismiss for failure to exhaust is GRANTED and the matter is DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE. [D.E. 35]. Having so determined, the

---

[1] The regulations for grieving specifically state that "the inmate shall obtain the appropriate form from CCC staff . ." 28 CFR § 542.14(c)(1).

3

motion for reconsideration [D.E. 32] and motion to amend [D.E. 44] are DENIED as MOOT. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the __15__ day of August 2012.

*(signature)*
TERRENCE W. BOYLE
United States District Judge